# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEMETRIUS GREENWOOD, ) ) Petitioner, ) ) v. ) ) MYRON BATTS, ) ) Respondent. ) ) | Case No. 2:16-cv-02867-JPM-tmp |

## ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is Petitioner Demetrius Greenwood's Petition for a Writ of Habeas Corpus Under to 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) Respondent Myron Batts filed a response to the § 2241 Petition on July 20, 2017. (ECF No. 11.)

## I.    ANALYSIS OF PETITIONER'S CLAIM

Petitioner argues that the current time calculation by the Federal Bureau of Prisons ("BOP") is inconsistent with the Judgment & Commitment Order and that his time should be computed as time-served. (ECF No. 1 at PageID 1 & 5.) Respondent contends that the § 2241 Petition should be denied because Petitioner has failed to exhaust his administrative remedies and asserts that BOP has properly calculated the sentence. (ECF No. 11 at PageID 21.)

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where, as here, an inmate challenges the

execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition. *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). As discussed below, however, the Court can only review the BOP's failure to award credit. It lacks jurisdiction to award sentence credit itself.

Calculation of a federal prisoner's sentence, including its commencement date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585. This Court cannot compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General acting through the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *Westmoreland*, 974 F. 2d at 737-38 (district court cannot consider habeas petition asserting right to sentence credits under 18 U.S.C. § 3585(b) until Attorney General has computed credit).

Exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking court review of the BOP's sentence credit calculation. *Westmoreland*, 974 F.2d at 737-38; *see also Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam) ("It is well settled that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."); *see Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (dismissal of a § 2241 Petition is proper where petitioner failed to exhaust his remedies through the BOP's administrative remedy program).

Greenwood provides one e-mail demonstrating that he made a request about the calculation of his sentence. (ECF No. 1-2 at PageID 7.) Respondent contends that Greenwood has failed to exhaust administrative remedies in the BOP's established three-tiered administrative

remedy process.  (*See* ECF No. 11 at PageID 23-25.)  Greenwood does not dispute Respondent's contention or provide evidence of exhaustion.

Because Greenwood has failed to exhaust his administrative remedies, the § 2241 Petition is **DISMISSED** without prejudice to his ability to re-file upon exhaustion.[1]

## II.   APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Fed. R. App. P. 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

---

[1] Because Greenwood has failed to exhaust his administrative remedies, the Court will not address Respondent's arguments about the calculation of Greenwood's sentence.

In the instant case, any appeal would not be taken in good faith because Petitioner has not exhausted his administrative remedies. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

**SO ORDERED**, this 12th day of July, 2018.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE